IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00624-PSF-CBS

LEE HELM,
    Plaintiff,
v.

STATE OF COLORADO,
JOE ORTIZ, Dir. of D.O.C., and
ALLEN STANLEY, Chairman of Parole Board,
    Defendants.

_____

ORDER SETTING STATUS CONFERENCE
_____

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on: (1) Defendants' "Motion to Dismiss Complaint" (filed July 17, 2006) (doc. # 13); and (2) Helm's "Request for Summary Judgment" (filed July 28, 2006) (doc. # 17). Pursuant to the Order of Reference dated June 23, 2006 (doc. # 10) and the memoranda dated July 17, 2006 (doc. # 15) and August 4, 2006 ) (doc. # 19), the Motions were referred to the Magistrate Judge.

    Helm, a prisoner proceeding *pro se*, is currently incarcerated in the Colorado Department of Corrections ("CDOC") in Walsenberg, Colorado. (*See* Amended Complaint (doc. # 4) at p. 2). Helm alleges pursuant to 42 U.S.C. § 1983 that he has been denied his right to due process and equal protection based on his sentence to the CDOC rather than to the Colorado State Hospital psychiatric facility. (Amended Complaint at pp. 3-5). Helm seeks to be discharged to the Colorado State Hospital, among other things. (Amended Complaint at p. 8). Without citing a specific Federal Rule of Civil Procedure, Defendants move to dismiss the Amended Complaint.

    The Colorado Sex Offenders Act of 1968 ("the Act"), now codified at Colo. Rev. Stat. §§ 18-1.3-901 *et seq.*, applies "to persons sentenced for offenses committed prior to November 1, 1998." Colo. Rev. Stat. § 18-1.3-902. The Act affords state district

1

courts the discretion to either sentence a sex offender to imprisonment or order that he be committed to the custody of the CDOC "for an indeterminate term having a minimum of one day and a maximum of his or her natural life." Colo. Rev. Stat. § 18-1.3-904. "Only if the court finds that the defendant is a threat to the public, has it the power to commit the defendant for an indeterminate term." *People v. Sanchez*, 520 P.2d 751, 753 (Colo. 1974). If the court "elects to exercise this option, it must do so 'in lieu of the sentence otherwise provided by law.' " *Sanchez*, 520 P.2d 751, 753 (citation omitted).

The Judgment of Conviction, Sentence, and Order to Sheriff ("mittimus") indicates that Helm was "committed to the custody of the Executive Director of the Department of Corrections for an indeterminate term having a minimum of one day and a maximum of his natural life, pursuant to the Colorado Sex Offenders Act of 1968, § 16-13-201 et seq., 8A C.R.S." (Exhibit A-1 to Motion to Dismiss). Defendants argue that because the trial court did not make findings that Helm is a threat to the public, Helm was not committed to the Colorado State Hospital in lieu of prison sentence. In light of the mittimus, at this time the mere absence of findings in the record before this court is an insufficient basis for dismissal of the Amended Complaint.

Section 1983 claims are subject to the most appropriate state statute of limitations. *Wilson v. Garcia*, 471 U.S. 261, 266 (1985); *Industrial Constructors Corp. v. United States Bureau of Reclamation*, 15 F.3d 963, 968 (10th Cir. 1994). Colorado law provides a two-year statute of limitations for actions brought pursuant to § 1983. *See* Colo. Rev. Stat. § 13-80-102(g) (establishing a two-year limitation period for "all actions upon liability created by a federal statute where no period of limitation is provided in said federal statute" and for "all other actions of every kind for which no other period of limitation is provided"); *Blake v. Dickason*, 997 F.2d 749, 750 (10th Cir.1993) (applying § 13-80-102 to § 1983 claim).

The determination of when a § 1983 action accrues is controlled by federal

rather than state law.  *Smith v. Gonzales*, 222 F.3d 1220, 1222 (10th Cir. 2000) (citation omitted).  "Section 1983 claims accrue, for the purpose of the statute of limitations, 'when the plaintiff knows or has reason to know of the injury which is the basis of his action.' "  *Johnson v. Johnson County Comm'n Bd.*, 925 F.2d 1299, 1301 (10th Cir.1991) (quoting *Singleton v. City of New York*, 632 F.2d 185, 191 (2d Cir.1980)) (further quotations omitted).  "The statute of limitations begins to run when the plaintiff knows or has reason to know of the existence and cause of injury which is the basis of his action."  *Industrial Constructors Corp.*, 15 F.3d at 969.

Helm alleged that he was committed on July 17, 1991.  (Amended Complaint at p. 3).  Thus, Helm filed this civil action approximately fifteen years after his claims accrued.  (*See* Helm's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915).

Accordingly,

**IT IS ORDERED that a Status Conference will be held on Monday October 2, 2006 at 10:00 a.m. in Courtroom A402, Fourth Floor, of the Alfred A. Arraj U.S. Courthouse, 901 19th Street, Denver, Colorado, to discuss the issues raised by the pending motions.  Helm and/or his case manager shall arrange for his participation via telephone and shall call (303) 844-2117 at the scheduled time.**

DATED at Denver, Colorado, this 31st day of August, 2006.

BY THE COURT:

*s/Craig B. Shaffer*
United States Magistrate Judge