IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00624-PSF-CBS

LEE HELM,
        Plaintiff,
v.

STATE OF COLORADO,
JOE ORTIZ, Dir. of D.O.C., and
ALLEN STANLEY, Chairman of Parole Board,
        Defendants.
_____

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

Magistrate Judge Craig B. Shaffer

        This civil action comes before the court on: (1) Defendants' "Motion to Dismiss

Complaint" (filed July 17, 2006) (doc. # 13); and (2) Helm's "Request for Summary

Judgment" (filed July 28, 2006) (doc. # 17).  Pursuant to the Order of Reference dated

June 23, 2006 (doc. # 10) and the memoranda dated July 17, 2006 (doc. # 15) and

August 4, 2006 (doc. # 19), the Motions were referred to the Magistrate Judge. The

court has reviewed the Motions, Helm's "Reply" [Response] (filed July 28, 2006 ) (doc.

# 17), the statements made by Helm and defense counsel at the hearing held October

2, 2006, Defendants' Supplement (filed October 11, 2006) (doc. # 27), Helm's

Response (filed November 14, 2006) (doc. # 30), the entire case file, and the

applicable law and is sufficiently advised in the premises.


I.      Statement of the Case

        Helm, a prisoner proceeding *pro se*, is currently incarcerated in the Colorado

Department of Corrections ("DOC") in Walsenberg, Colorado.  (*See* Amended

Complaint at p. 2 (doc.# 4)).  Helm alleges pursuant to 42 U.S.C. § 1983 that he has

been denied his right to due process and equal protection based on his sentence to the

DOC rather than to the Colorado State Hospital psychiatric facility.  (Amended Complaint at pp. 3-5).  Helm seeks to be discharged to the Colorado State Hospital, among other things.  (Amended Complaint at p. 8).  Without citing a federal rule, Defendants have moved to dismiss the Amended Complaint.  Helm has responded to Defendants' Motion and requested summary judgment in his favor.

II.     Standard of Review

The Defendants do not state a federal rule under which they seek to dismiss. The court assumes that Fed. R. Civ. P. 12(b)(6) is most applicable to the relief sought by Defendants.  The court is empowered to dismiss an action "for failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "Such a motion should be granted only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). All well-pleaded allegations in the complaint are accepted as true and construed in the light most favorable to the plaintiff. *Fisher v. United Feature Syndicate, Inc.,* 37 F. Supp. 2d 1213, 1215 (D. Colo. 1999).

III.    Analysis

A.      Colorado Sex Offenders Act of 1968

The Colorado Sex Offenders Act of 1968 ("the Act") was enacted in 1972 and codified at Colo. Rev. Stat. §§ 39-13-201 to 39-13-216.  (*See* 1972 Colo. Session Laws at pp. 255-59 (Appendix to Defendants' Supplement (doc. # 27-2))).  The Act, now codified at Colo. Rev. Stat. §§ 18-1.3-901 *et seq.*, applies "to persons sentenced for offenses committed prior to November 1, 1998." Colo. Rev. Stat. § 18-1.3-902.  The Act affords state district courts the discretion to either sentence a sex offender to imprisonment or order that he or she be committed to the custody of the DOC "for an

2

indeterminate term having a minimum of one day and a maximum of his or her natural life." Colo. Rev. Stat. § 18-1.3-904.  "Only if the court finds that the defendant is a threat to the public, has it the power to commit the defendant for an indeterminate term." *People v. Sanchez*, 520 P.2d 751, 753 (Colo. 1974).  If the court "elects to exercise this option, it must do so 'in lieu of the sentence otherwise provided by law'. " *Sanchez*, 520 P.2d 751, 753 (citation omitted).

    B.    Inmate's right to be housed in psychiatric facility

    As a general rule, imprisonment for the conviction of a felony by an adult offender shall be served by confinement in an appropriate facility as determined by the Executive Director of the DOC. In such cases, the court will sentence the offender to the custody of the Executive Director of the DOC. Colo. Rev. Stat. §16-11-301(1). The Executive Director is not required to automatically confine offenders sentenced under the Act to the state hospital in lieu of prison.

    Here, the Judgment of Conviction, Sentence, and Order to Sheriff ("mittimus") indicates that Helm was "committed to the custody of the Executive Director of the DOC for an indeterminate term having a minimum of one day and a maximum of his natural life, pursuant to the Colorado Sex Offenders Act of 1968, § 16-13-201 *et seq.*, 8A C.R.S." (Exhibit A-1 to Motion to Dismiss).  Defendants argue that the trial court applied its discretion under the Act, committing Helm to imprisonment rather than the Colorado State Hospital.

    First, Helm's assertion that he was committed under the Act "in lieu of imprisonment" and that he must be housed in the state hospital in order to receive "S.O.T.P. treatment" is incorrect.  At the time of Helm's sentencing in 1991, Colo. Rev. Stat. §16-13-203 specifically provided for an indeterminate sentence to the "department."  In 1977, the Colorado Legislature amended the Act to define

"Department" as the "department of corrections." Colo. Rev. Stat. §16-13-202 (1977) (*See* 1977 Colo. Session Laws at p. 902 (Appendix to Defendants' Supplement (doc. # 27-3))).

Second, the Fourteenth Amendment prohibits any state from depriving a person of life, liberty, or property without due process of law. The Supreme Court has held that "given a valid conviction, the criminal defendant has been constitutionally deprived of his liberty to the extent that the State may confine him and subject him to the rules of its prison system so long as the conditions of confinement do not otherwise violate the Constitution." *Id.* at 224. Helm has no liberty interest in his classification or placement within the Department of Corrections.  Helm's current placement in the Department of Corrections does not implicate a liberty interest within the meaning of the Due Process Clause. *Meachum v. Fano,* 427 U.S. 215, 223 (1976).


C.     Violation of Equal Protection

"Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *O'Lone v. Estate of Shabazz,* 482 U.S. 342, 348 (1987). Nevertheless, the Equal Protection Clause requires that no state deny any person within its jurisdiction the equal protection of the laws. U.S. Const. amend. XIV.  The fundamental guarantee of the Equal Protection Clause is that "all persons similarly situated shall be treated alike." *City of Cleburne Texas v. Cleburne Living Center,* 473 U.S. 432, 439 (1985). The Equal Protection Clause does not forbid classifications, but simply prevents government decision makers from treating differently persons who are in all relevant respects alike. *Juarez v. Renico,* 149 F. Supp. 2d 319, 324 ( E.D. Mich. 2001).

To prevail on a claim that attacks the constitutionality of a state's action, a plaintiff must detail the facts forming the basis of the claim. *Blinder, Robinson & Co. v.*

*United States SEC,* 748 F.2d 1415, 1419 (10th Cir. 1984). A failure to provide such specific factual allegations renders the complaint vague and conclusory. *Cotner v. Hopkins,* 795 F.2d 900, 902 (10th Cir. 1986). Vague or conclusory allegations are insufficient to state a claim for relief. *Swoboda v. Dubach,* 992 F.2d 286, 289-290 (10th Cir. 1993); *see also Sooner Products Co. v. McBride,* 708 F.2d 510, 512 (10th Cir. 1986) (conclusory allegations insufficient).

Helm alleges, without elaboration, that he was denied equal protection rights "by not being held and treated at the state hospital like those committed under the Colorado Sex Offender's Act of 1968 before the plaintiff." (Amended Complaint at pg. 5). Helm has failed to provide specific factual allegations to state a claim for violation of his equal protection rights.

### D. Statute of Limitations

Section 1983 claims are subject to the most appropriate state statute of limitations. *Wilson v. Garcia*, 471 U.S. 261, 266 (1985); *Industrial Constructors Corp. v. United States Bureau of Reclamation*, 15 F.3d 963, 968 (10th Cir. 1994). "Congress failed to specify a statute of limitations for civil rights claims under § 1983, . . . however, Congress directed the courts to follow a three-step process to determine the limitations period applicable to civil rights claims. . . ." *Blake v. Dickason,* 997 F.2d 749, 750 (10th Cir. 1993). The courts are directed to look first to the laws of the United States, and if no federal law exists, to consider application of state common law "as modified and changed by the constitution and statutes." *Id.* at 750. Finally, courts are to apply state law only if it is consistent with the Constitution. *Id.* at 750. Colorado law provides a two-year statute of limitations for actions brought pursuant to § 1983. *See* Colo. Rev. Stat. § 13-80-102(g) (establishing a two-year limitation period for "all actions upon liability created by a federal statute where no period of limitation is provided in said

federal statute" and for "all other actions of every kind for which no other period of limitation is provided"); *Id.* at 750 (applying § 13-80-102 to § 1983 claim).

The determination of when a § 1983 action accrues is controlled by federal rather than state law.  *Smith v. Gonzales*, 222 F.3d 1220, 1222 (10th Cir. 2000) (citation omitted).  "Section 1983 claims accrue, for the purpose of the statute of limitations, when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Johnson v. Johnson County Comm'n Bd.*, 925 F.2d 1299, 1301 (10th Cir.1991) (quoting *Singleton v. City of New York*, 632 F.2d 185, 191 (2d Cir.1980)) (further quotations omitted).

Helm alleges that he was committed to the custody of the DOC on July 17, 1991. (Amended Complaint at p. 3).  Helm had reason to know of his injury upon being placed in the DOC facility in 1991.  Helm further argues that "Equal Protection and Due Process have been denied the Plaintiff since the Board took over his supervision of placement in 1992."  (Response (doc. # 30) at p. 4).  Based on Helm's own allegations, the statute of limitations expired years prior to the filing of this civil action.

Accordingly, IT IS RECOMMENDED that:

1.      Defendants' "Motion to Dismiss Complaint" (filed July 17, 2006) (doc. # 13) be GRANTED.

2.      Helm's "Request for Summary Judgment" (filed July 28, 2006) (doc. # 17) be DENIED.

3.      This civil action be dismissed with prejudice.

**Advisement to the Parties**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the magistrate judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of

6

Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b);  *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).

The district judge shall make a *de novo* determination of those specific portions of the proposed findings or recommendations to which specific objection is made.  28 U.S.C. § 636(b)(1).  A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review.  *See In re Griego*, 64 F.3d at 583;  *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  The district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  28 U.S.C. § 636(b)(1).

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *One Parcel of Real Property*, 73 F.3d at 1060.  Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (district court's decision to review a magistrate's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate's order, cross-claimant had waived its right to appeal those portions of the ruling);  *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to

file objections, plaintiffs waived their right to appeal the magistrate's ruling).  *But see,*
*Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does
not apply when the interests of justice require review).

DATED at Denver, Colorado, this 21st day of November, 2006.

BY THE COURT:


*s/Craig B. Shaffer*
United States Magistrate Judge