IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 06-cv-00624-PSF-CBS

LEE HELM,

    Plaintiff,

v.

STATE OF COLORADO,
JOE ORTIZ, Dir. of D.O.C., and
ALLEN STANLEY, Chairman of Parole Board,

    Defendants.

---

**ORDER ON NOVEMBER 1, 2006 RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

---

This matter is before the Court on the Recommendation of United States Magistrate Judge (Dkt. # 33), filed on November 21, 2006, that plaintiff's complaint be dismissed with prejudice. On December 5, 2006, Plaintiff filed Objections to Recommendations of United States Magistrate Judge (Dkt. # 34). On December 7, 2006, the Court issued an Order (Dkt. # 35) setting the matter for a hearing and ordering the parties to brief the issue of "whether this case should more appropriately be considered as a petition by plaintiff for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 . . . and if so whether applicable exhaustion requirements have been met." Defendants filed their response on January 3, 2007 (Dkt. # 38), and plaintiff filed his reply on January 8, 2007 (Dkt. # 39). The Court's review of the Magistrate Judge's Recommendation is governed by 28 U.S.C. § 636(b)(1) and F.R.Civ.P. 72(b).

**I.     BACKGROUND**

This civil suit under 42 U.S.C. § 1983, brought by Plaintiff Lee Helm, a *pro se* prisoner, was accepted for filing on April 5, 2006 (Dkt. # 4). Helm was convicted of first degree sexual assault and second degree kidnapping, and was sentenced in 1991 under the Colorado Sex Offenders Act of 1968, C.R.S. §§ 18-1.3-901 *et. seq.* (formerly codified at C.R.S. §§ 16-13-201 *et seq.*). He was sentenced to the custody of the Executive Director of the Department of Corrections (DOC) for an indeterminate term having a minimum of one day and a maximum of his natural life. Ex. A-1 to Def. Mot. to Dism. (Dkt. # 14).

In his amended complaint (Dkt. # 4), Helm alleges that the conditions of his confinement violate his due process and equal protection rights. With regard to his due process claim, Helm alleges that: (1) his commitment under the Sex Offenders Act "was done so in-lieu of imprisonment," but Helm has nevertheless been held in state prison since his conviction; and (2) he has been denied the treatment to which he is entitled under the Colorado Sex Offenders Act. Am. Compl. at 4. Helm's equal protection claim is based on the allegation that he has not been held and treated at the state hospital "like those committed under 'the C.S.O. Act of 1968' before [him]." *Id.* at 5.

Defendants filed a Motion to Dismiss Complaint on July 17, 2006 (Dkt. # 13), which the undersigned referred to the Magistrate Judge (Dkt. # 15). On July 28, 2006, Plaintiff filed a response to the motion and also moved for summary judgment (Dkt. # 17). On November 21, 2006, the Magistrate Judge issued his Recommendation that the action be dismissed with prejudice.

## II.     THE MAGISTRATE JUDGE'S RECOMMENDATION

The Magistrate Judge makes three recommendations to this Court: (1) that Defendants' Motion to Dismiss Complaint be granted,[1] (2) that Plaintiff's Motion for Summary Judgment be denied, and (3) that the action be dismissed with prejudice. Recommendation at 6.  The Magistrate Judge first reviewed the Colorado Sex Offenders Act of 1968, C.R.S. §§ 18-1.3-901 *et seq.*, which affords state district courts the discretion either to sentence a sex offender to imprisonment as "otherwise provided by law" or, if the court finds that the defendant is a threat to the public, to order that the defendant be committed to the custody of the DOC for an indeterminate term.  *Id.* at 2-3.  The Magistrate Judge noted that Helm was committed to the custody of the Executive Director of the DOC for an indeterminate term, and that the Executive Director is not required to confine offenders sentenced under the Act to the state hospital in lieu of prison.  Thus, the Recommendation notes that Helm's argument that his commitment under the Act was "in lieu of imprisonment" is incorrect. *Id.* at 3.  In addition, the Magistrate Judge found that Helm "has no liberty interest in his classification or placement within the Department of Corrections." *Id.* at 4.

With regard to Helm's Equal Protection claim, the Magistrate Judge concluded that Helm failed to provide specific factual allegations to state a claim for violation of his equal protection rights. *Id.* at 4-5.  Finally, the Magistrate Judge concluded that Helm's

---

[1] Although defendants' motion to dismiss did not state a federal rule under which they sought to dismiss the complaint, the Magistrate Judge assumed that defendants were seeking to dismiss under F.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. Recommendation at 2. This Order will do the same.

§ 1983 claim is barred by the two-year statute of limitations, as Helm had reason to know of his injury upon being placed in prison, rather than a state hospital, in 1991. *Id.* at 5-6.

## III.   ANALYSIS

### A.   **Proper Vehicle for the Claims Asserted: § 1983 or § 2241?**

The Recommendation does not address the issue of whether Helm's suit is more properly classified as a petition for a writ of habeas corpus. No party raised the issue before the Magistrate Judge. Rather, it arose at the undersigned's initiative when the Court set the hearing on Helm's objections to the Recommendation and ordered the parties to brief the issue, citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973). In *Preiser*, the Supreme Court considered whether state prisoners may use 42 U.S.C. § 1983 to challenge the constitutionality of actions that deprived them of good time credits where the remedy would be restoration of their credits and a shortening of their sentence. *Id.* at 482. The Supreme Court held that such prisoners were required to pursue relief pursuant to a writ of habeas corpus, which is the exclusive federal remedy for state prisoners who challenge the fact or duration of their confinement and seek immediate or speedier release. *Id.* at 500.

Unlike the prisoner in *Preiser*, Helm is not merely claiming entitlement to immediate or speedier release from imprisonment; rather, Helm seeks participation in the statutorily mandated sex offender treatment program that he claims is required for him even to be eligible for parole. Helm relies on *Beebe v. Heil*, 333 F. Supp. 2d 1011 (D. Colo. 2004), in which the court considered a state prisoner's § 1983 claim

challenging his deprivation of treatment in the sexual offenders treatment program. In *Beebe*, the court expressly considered *Preiser* and found that it was not dispositive. *Id.* at 1014. In finding that this type of claim is proper under § 1983, the court relied on *Heck v. Humphrey*, in which the Supreme Court held that if the "'district court determines that [a] plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed [as a § 1983 action], in the absence of some other bar to the suit." *Id.* (quoting *Heck v. Humphrey*, 512 U.S. 477, 487 (1994) (alterations in original)).

Like the plaintiff in *Beebe*, Helm is not challenging the legality of his confinement. It is true that a favorable ruling for Helm could ultimately have an effect on the duration of his sentence because participation in the treatment program is allegedly required merely to make Helm eligible for parole. However, such a ruling would neither invalidate the sentence nor necessarily shorten it, as discretion over the length of the sentence would still rest with the parole board. *Beebe*, 333 F. Supp. 2d at 1014-15 (citing *Leamer v. Fauver*, 288 F.3d 532, 543 (3d Cir. 2002)). Accordingly, Helm properly brought this action under 42 U.S.C. § 1983.

### B. Helm's Due Process Claim that He Is Being Held in Prison Rather Than a State Hospital.

Helm first claims that his commitment under the Colorado Sex Offenders Act of 1968 (the "1968 Act") was "in-lieu of imprisonment," but that he has nevertheless "only been held in state prison." Am. Compl. at 4. Plaintiff's claim fails as a matter of law.

The 1968 Act, which applies to persons sentenced for offenses committed prior to November 1, 1998, *see* C.R.S. § 18-1.3-902, provides that state district courts have the discretion to either sentence a sex offender as "otherwise provided by law" or, if the court finds that the defendant is a threat to the public, to commit the offender to the custody of the DOC for an indeterminate term having a minimum of one day and a maximum of his or her natural life. *Id.* § 18-1.3-904; *People v. Sanchez*, 184 Colo. 379, 383, 520 P.2d 751, 753 (1974). Nothing in the 1968 Act requires the DOC to place the defendant in a state hospital, or in any other particular facility. In this case, the state district court exercised its discretion under the 1968 Act and sentenced Helm to the custody of the Executive Director of the DOC for an indeterminate term having a minimum of one day and a maximum of his natural life. Ex. A-1 to Def. Mot. to Dism. Thus, the Magistrate Judge correctly concluded that Helm was not committed under the act "in-lieu of imprisonment."

In addition, as the Magistrate Judge held, prisoners do not have a liberty interest under the Due Process Clause in their classification or placement within the DOC. *See Meachum v. Fano*, 427 U.S. 215, 224 (1976) ("The initial decision to assign the convict to a particular institution is not subject to audit under the Due Process Clause, although the degree of confinement in one prison may be quite different from that in another. The conviction has sufficiently extinguished the defendant's liberty interest to empower the State to confine him in *any* of its prisons.") (emphasis in original). Accordingly, Helm's first due process claim fails for the reasons set forth in the Magistrate Judge's Recommendation.

6

### C.   Helm's Due Process Claim Based on Denial of Sex Offender Treatment

The analysis in the Magistrate Judge's Recommendation of Helm's due process claims is limited to the claim based on Helm's placement in prison rather than a state hospital.  However, Helm also alleges, in essence, a due process violation on the grounds that he is statutorily entitled to, but has never been provided, sex offender treatment.  Specifically, he alleges that "the state has not allowed the Plaintiff the professional help and observation that the Saftguards (sic) of the C.S.O. Act calls for . . . .  The SaftGuards (sic) of the (Act) created a substantive component as in: Beebe v. Heil 333 F. Supp 2d 1011.").  Am. Compl. at 4.  Thus, although Helm is partially complaining about his placement, he also complains more broadly of being deprived of treatment in which he has a claimed liberty interest.

The facts of *Beebe*, on which Helm relies, are similar to those at hand.  The plaintiff in that case had pled guilty to a sex offense in 2001, was placed in the custody of the DOC with an indeterminate sentence of three years to life, and was complaining of denial of sex offender treatment.  333 F. Supp. 2d at 1012.  However, under the applicable statutory scheme in that case, the plaintiff was required as a sex offender to undergo "appropriate" treatment as part of his sentence.  *Id.* (citing C.R.S. §§ 18-1.3-1004(3) and 16-11.7-106).  The court found that the relevant statutory scheme *required* sex offenders to receive treatment in order to be eligible for parole.  *Id.* at 1016 ("Plaintiff's claim of a liberty interest is predicated on the mandatory language of the statute which requires the state to provide convicted sex offenders with treatment

7

during their imprisonment."). Because of this requirement, the court held that depriving a prisoner of such treatment would cause the prisoner to suffer a "grievous loss of liberty retained" after imprisonment because the prisoner's parole status would change from eligible to ineligible. *Id.* (quoting *Sandin v. Conner*, 515 U.S. 472, 481 (1995)). Accordingly, the court denied the defendants' motion to dismiss, holding as a matter of first impression in the Tenth Circuit that the plaintiff had stated a cognizable liberty interest in receiving treatment. *Id.* at 1014, 1016-17.

In this case, Helm attempts to plead the same cause of action that was recognized in *Beebe*. However, because Helm's situation is legally distinct from the plaintiff's in *Beebe*, the Court need not reach the issue of whether *Beebe* was correctly decided. Specifically, Helm was sentenced in 1991 under the "Colorado Sex Offenders Act of 1968," C.R.S. §§ 18-1.3-901 *et seq.* (the "1968 Act"), while the plaintiff in *Beebe* was sentenced under the "Colorado Sex Offender Lifetime Supervision Act of 1998," *id.* §§ 18-1.3-1001 *et seq.* (the "1998 Act"), which applies to persons who commit a sex offense on or after November 1, 1998. *Id.* § 18-1.3-1012. The statutory schemes are similar, but they differ with respect to provisions material to this case.

Both acts include provisions affording the state district court discretion to sentence a sex offender to the DOC's custody for an indeterminate period. C.R.S. § 18-1.3-904; *id.* § 18-1.3-1004(1)(a). Significantly, however, the 1998 Act, unlike the 1968 Act, includes language making treatment mandatory for sex offenders sentenced under the Act: "Each sex offender sentenced pursuant to this section shall be required as a part of the sentence to undergo treatment to the extent appropriate pursuant to

8

section 16-11.7-105, C.R.S." *Id.* § 18-1.3-1004(3).  In turn, § 16-11.7-105 states that sex offenders sentenced on or after January 1, 1994 are "required . . . to undergo treatment to the extent appropriate to such offender . . . ."  The court relied on these provisions in *Beebe* to find that sex offender treatment was statutorily mandated under the 1998 Act and that "participation in a treatment program is an absolute prerequisite for release on parole." *Beebe*, 333 F. Supp. 2d at 1012, 1017; *see also* C.R.S. § 18-1.3-1006(1)(a) ("In determining whether to release the sex offender on parole, the parole board shall determine whether the sex offender has successfully progressed in treatment . . . .").

The 1968 Act contains no language analogous to that contained in C.R.S. §§ 18-1.3-1004(3), 16-11.7-105, or 18-1.3-1006(1)(a).  Because sex offender treatment is neither statutorily mandated under the 1968 Act nor a prerequisite to eligibility for parole, Helm's reliance on *Beebe* is misplaced, and he has failed to allege the deprivation of a cognizable liberty interest.  Thus, Helm has failed to state a due process claim on which relief can be granted.

### D. Equal Protection Violation

The Magistrate Judge correctly concluded that Helm has failed to allege sufficiently specific factual allegations to state an Equal Protection claim. Recommendation at 4-5.  A complaint must provide specific factual allegations to support a constitutional claim. *Id.* (citing *Blinder, Robinson & Co. v. United States SEC*, 748 F.2d 1415, 1419 (10th Cir. 1984), *cert. denied*, 471 U.S. 1125 (1985)).  Without such detail, the allegations are conclusory and, accordingly, insufficient to state a claim

for relief. *Id.* at 5 (citing *Cotner v. Hopkins*, 795 F.2d 900, 902 (10th Cir. 1986) and *Swoboda v. Dubach*, 992 F.2d 286, 289-90 (10th Cir. 1993)).

The Equal Protection Clause essentially prohibits the government from treating similarly situated persons differently without adequate justification for the difference in treatment. *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1228 (10th Cir. 2006). Helm alleges in his complaint that he was not "treated at the state hospital like those committed under 'the C.S.O. [Colorado Sex Offenders] Act of 1968' before the Plaintiff" and that there is a higher success rate for those receiving treatment at a state hospital. Am. Compl. at 5. These conclusory allegations fail to explain in any way how plaintiff is similarly situated to those offenders who have been committed to the state hospital rather than imprisoned, even assuming the Equal Protection Clause would apply to such alleged treatment differences. Accordingly, plaintiff's allegations are insufficient to state a claim for an equal protection violation.

### E. Constitutionality of the Indeterminate Sentence Provision of the 1968 Act

Although not raised by the parties or discussed by the Magistrate Judge, the Court separately addresses the issue of the constitutionality of the statute governing Helm's indeterminate sentence. The 1968 Act provides in pertinent part:

> The district court having jurisdiction may, subject to the requirements of this part 9, in lieu of the sentence otherwise provided by law, commit a sex offender to the custody of the [DOC] for an indeterminate term having a minimum of one day and a maximum of his or her natural life.

C.R.S. § 18-1.3-904. The district court may commit the defendant for an indeterminate term under the Act only if the court finds, after an evidentiary hearing and beyond a reasonable doubt, that the defendant is a threat to the public. *Id.* §§ 18-1.3-911 and 912; *People v. Sanchez*, 184 Colo. 379, 383, 520 P.2d 751, 753 (1974). The Act has been upheld as constitutional on due process, equal protection, and Eighth Amendment grounds. *People v. White*, 656 P.2d 690, 693-95 (Colo. 1983) (citing cases and conducting separate analysis); *see also Specht v. Patterson*, 386 U.S. 605, 607, 610-11 (1967) (holding that the predecessor to the 1968 Act, which contained a similar indeterminate sentencing provision, did not comport with due process because, unlike the 1968 Act, it did not provide for a full evidentiary hearing before sentencing). Thus, based on applicable precedent, the indeterminate sentencing provisions of the 1968 Act are constitutional.

### F. Statute of Limitations

Because Helm's complaint fails to state a claim on which relief can be granted under F.R.Civ. P. 12(b)(6), the Court need not reach the issue of whether Helm's claims are barred by the statute of limitations.

## IV. CONCLUSION

After reviewing the underlying objections and the record *de novo*, and in light of the foregoing discussion, the Court concludes that the Recommendation of United States Magistrate Judge should be accepted as set forth in this opinion. Accordingly, it is ORDERED as follows:

1.  The Court ACCEPTS the Recommendation of United States Magistrate Judge (Dkt. # 33), filed on November 21, 2006, as set forth in this opinion;

2.  The Court GRANTS Defendants' Motion to Dismiss Complaint (Dkt. # 13), filed July 17, 2006, for failure to state a claim upon which relief can be granted;

3.  The Court DENIES Plaintiff's Motion for Summary Judgment (Dkt. # 17), filed July 28, 2006;

4.  The plaintiff's Objections to the Magistrate Judge's Recommendation (Dkt. # 34) are OVERRULED;

5.  The Court VACATES the hearing set for Thursday, February 1, 2007; and

6.  The case is DISMISSED WITH PREJUDICE.

DATED: January 31, 2007

BY THE COURT:

*s/ Phillip S. Figa*

_____
Phillip S. Figa
United States District Judge